UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CALVIN L. DANIELS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) No. 1:13-cv-00027-DKL-WTL |
| CAROLYN W. COLVIN Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ENTRY ON JUDICIAL REVIEW

Plaintiff Calvin L. Daniels ("Daniels") requests judicial review of the decision of Defendant Carolyn W. Colvin, Acting Commissioner of the Social Security Administration (the "Commissioner"),[1] denying Daniels's application for disability insurance benefits ("DIB") and supplemental security income ("SSI") disability benefits. For the reasons set forth below, the Commissioner=s decision is **AFFIRMED.**

### I. BACKGROUND

**A. Procedural History**

Daniels filed applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") on December 2, 2009, alleging an onset of disability of August 27, 2009. [Dkt. 13-2 at 11.] Daniels' applications were denied initially on February 23, 2010, and upon reconsideration on June 7, 2010. [Id.] Daniels

---

[1] Carolyn W. Colvin became the Acting Commissioner of the SSA on February 14, 2013, while this case was pending. Pursuant to Fed. R. Civ. P. 25(d), she is substituted for the former Commissioner Michael J. Astrue.

requested a hearing, which was held on July 19, 2011, before Administrative Law Judge Tammy H. Whitaker ("ALJ"). The ALJ denied Daniels' application on September 19, 2011. [Dkt. 13-2 at 8.] The Appeals Council denied Daniels' request for review of the ALJ's decision on November 20, 2012, making the ALJ's decision final for purposes of judicial review. Daniels filed his Complaint with this Court on January 7, 2013. [Dkt. 1.]

### B. Factual Background and Medical History

Daniels was born on September 11, 1959 and was 49 years old on the date of alleged onset of disability. He has past relevant work as a mechanic and truck driver. Daniels testified that he left his job as a truck driver in 2009 because he was in constant pain.

Daniels initially alleged multiple physical and mental impairments including degenerative disc disease, osteoarthritis, tendonitis, hypertension, asthma, obesity, carpal tunnel syndrome and diabetes. Daniels confines his request for review of the Commissioner's decision to low back pain and contends the ALJ erred in her analysis of Listing 1.04 (Disorders of the Spine). Accordingly, the Court will confine its recitation of Daniels' medical history to the records relevant to this Listing.

In May 2003, Daniels underwent an MRI of his lumbar spine because he was experiencing bilateral leg numbness and pain. The MRI indicated disc desiccation, moderate vertical narrowing and nerve impingement at the left L3 ganglion/nerve. An X-ray of the lumbar spine in 2010 revealed minor lumbar osteophytes and no other evidence of lumbar disease.

In February 2010, Daniels underwent a Social Security medical examination with Dr. Safadi, M.D. Daniels reported sharp, intermittent pain that worsens with activity. Dr. Safadi noted decreased range of motion in his hips and lumbar region due to back pain. Also in February 2010, Daniels underwent a Physical Residual Functional Capacity Assessment with Dr. Whitely, M.D. Dr. Whitely noted decreased range of motion in the lumbar spine and hips due to back pain. However, Dr. Whitely also noted Daniels had no perceived difficulty in walking and performed squats "completely w/o difficulty." [Dkt. 13-7 at 50.] Dr. Whitely concluded that Daniels could occasionally lift and carry 20 pounds; frequently lift and carry 10 pounds; stand, sit and walk up to six hours in a work day and was unlimited in his ability to push and pull. *Id.*

Daniels treated with Dr. Rinderknecht, M.D., several times in 2010 for osteoarthritis of the back, hips, knees and shoulders. Daniels received anti-inflammatory medication and injections as treatment for the pain.

## II. **LEGAL STANDARDS**

### A. **Standard for Proving Disability**

To be eligible for SSI and DIB, a claimant must show he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To evaluate a disability claim, an ALJ must use the following five-step inquiry:

> Step One: Is the claimant currently employed;
>
> Step Two: Does the claimant have a severe impairment or combination of impairments;
>
> Step Three: Does the claimant's impairment meet or equal any impairment listed in the regulations as being so severe as to preclude substantial gainful activity;
>
> Step Four: Can the claimant perform his past relevant work; and
>
> Step Five: Is the claimant capable of performing any work in the national economy?

20 C.F.R. §§ 404.1520. *See also Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). The individual claiming disability bears the burden of proof at steps one through four. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If the claimant meets that burden, then the SSA has the burden at Step Five to show that work exists in significant numbers in the national economy that the claimant can perform, given his age, education, work experience and functional capacity. 20 C.F.R. § 404.1560 (c)(2).

### B. Standard for Judicial Review

An ALJ=s decision will be upheld so long as the ALJ applied the correct legal standard, and substantial evidence supported the decision. *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation omitted). This limited scope of judicial review follows the principle that Congress designated the Commissioner, not the courts, to make disability determinations:

> In reviewing the decision of the ALJ, we cannot engage in our own analysis of whether [the claimant] is severely impaired as defined by the SSA regulations. Nor may we reweigh evidence, resolve conflicts in the record, decide questions of credibility, or, in general, substitute our own judgment for that of the Commissioner. Our task is limited to determining whether the ALJ's factual findings are supported by substantial evidence.

*Young v. Barnhart*, 362 F.3d 995, 1001 (7th 2004). Where conflicting evidence allows reasonable minds to differ as to whether a claimant is entitled to benefits, the court must defer to the Commissioner's resolution of this conflict. *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997). The ALJ is required to articulate a minimal, but legitimate, justification for her decision to accept or reject specific evidence of a disability. *Scheck v. Barnhart*, 357 F.3d 697, 700 (7th Cir. 2004). "An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions." *O-Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010) (citation omitted).

## III.  DISCUSSION

Daniels claims the ALJ committed various errors that require reversal of the Commissioner's decision. Specifically, Daniels contends the ALJ erred when he: (1) misstated the evidence when determining Daniels was not totally disabled due to chronic low back pain; (2) failed to summon a medical advisor to determine whether Daniels' spinal impairments medically equaled a Listing; (3) negatively assessed Daniels' credibility; and (4) failed to account for the impact of Daniels' chronic pain at Step Five.

5

### A. Listing 1.04 (Disorders of the Spine)

Daniels first argues that the ALJ's denial decision was in error because "substantial medical examination and treatment evidence" establish that his low back pain rendered him totally disabled. [Dkt. 15 at 5.] In support of this argument, Daniels asserts the ALJ only "selectively considered" the results of a May 2003 lumbar spine MRI and mischaracterized the results of an August 2010 X-ray. Daniels clarified this argument in his reply brief, noting that the ALJ "committed reversible error by misstating the evidence to determine that the claimant was not totally disabled due to chronic spine-back pain." [Dkt. 23 at 3.]

Daniels is correct that the ALJ referenced the May 2003 MRI as finding one herniated disc instead of two and referred to the August 2010 as an MRI when it was in fact an X-ray. But Daniels fails to provide any analysis to show how this evidence, if correctly stated, would prove Daniels' disability. Instead, Daniels strings together several disjointed phrases from Seventh Circuit social security decisions without connecting the law to the facts of her case. "This method of argumentation is not argumentation at all .... The Court cannot and will not forge new arguments for [the Claimant]." *Poston v. Astrue,* 2010 WL 987734, at *8 (S.D. Ind. 2010).

Daniels' argument here is difficult to follow. He asserts the ALJ's mistaken recitation of the evidence was not harmless error because "accurate recognition of the medical evidence would reasonably have resulted in finding the claimant totally disabled. [Dkt. 23 at 4.] Yet in the very next sentence, concedes that he "never argued that the claimant's impairments met Listing 1.04A. That, in the Court's opinion, is the

issue. Daniels had the burden to establish his impairments met or equaled a listing. Pointing out the ALJ's error does not meet that burden without an analysis of how, in the absence of that error, Daniels is disabled.

The medical records provide more than substantial evidence to support the ALJ's conclusion that Daniels' impairment does not meet Listing 1.04. Correcting two misstatements of the evidence would not alter the ALJ's ultimate conclusion of non-disabled. Therefore the mistaken references were, at most, harmless error.

### B. Medical Advisor

Daniels next asserts the ALJ was required to summon a medical advisor to testify as to whether his spinal impairments met or medically equaled a Listing. An ALJ must rely on a medical expert's opinion when finding a claimant does not meet or equal a listed impairment. SSR 96–6p. In some instances, this requires the ALJ to hear additional evidence from a medical examiner. *See Green v. Apfel,* 204 F.3d 780, 781 (7th Cir. 2000) (noting that the ALJ incorrectly made medical conclusions instead of consulting a medical examiner). However, when the medical evidence in the record is sufficient to make a decision, the ALJ may rely on it alone. *Simila v. Astrue,* 573 F.3d 503, 516 (7th Cir. 2009).

Here, the ALJ relied upon the report of a state agency physician that found Daniels was capable of light work. *See Scheck v. Barnhart,* 357 F.3d 697, 700 (7th Cir. 2004) (finding that disability forms completed by state agency physicians conclusively establish that a physician designated by the agency has given consideration to the question of medical equivalence). Daniels attempts to rely upon *Barnett v. Barnhart,* 381

F.3d 664 (7th Cir. 2004), but his reliance is misplaced because the ALJ in *Barnett* did not consult a medical expert at all or rely on a signed Disability Determination and Transmittal Form. *Barnett,* 381 F.3d at 670–71. Instead, the ALJ based his findings on his own layman opinion. *Id.* at 671. By contrast, the ALJ in this present case grounded his findings in medical opinions from a state agency physician as well as other physicians who treated Daniels. Accordingly, the Court finds that the ALJ did not err in holding a hearing without summoning a medical advisor to testify in this case. The Court finds the record substantially supports the ALJ's determination that Daniels did not meet or medically equal a Listing.

### C. Daniels's Credibility

Daniels also contends the ALJ's negative credibility determination must be reversed because it is contrary to SSR 96-7p. The Court disagrees. In assessing a claimant's credibility when the allegedly disabling symptoms are not objectively verifiable, an ALJ must first determine whether those symptoms are supported by medical evidence. *See* SSR 96–7p; *Arnold v. Barnhart,* 473 F.3d 816, 822 (7th Cir. 2007). If not, SSR 96–7p requires the ALJ to "consider the entire case record and give specific reasons for the weight given to the individual's statements." *Simila v. Astrue,* 573 F.3d 503, 517 (7th Cir. 2009) (quoting SSR 96–7p). The ALJ "should look to a number of factors to determine credibility, such as the objective medical evidence, the claimant's daily activities, allegations of pain, aggravating factors, types of treatment received and medication taken, and 'functional limitations.'" *Simila,* 573 F.3d at 517 (quoting 20 C.F.R. § 404.1529(c) (2)-(4)).

The ALJ noted that Daniels' good work history generally bolsters his credibility; however, there was a lack of treating evidence to support his allegation of total disability. For example, diagnostic imaging revealed only moderate to normal results. Physical exams generally were normal and Daniels only underwent conservative treatment for his alleged back impairments. Finally, the ALJ noted that no treating source assigned work restrictions as a result of his alleged impairments. As there was no medical evidence to support Daniels' allegation of total disability, the ALJ's determination to not fully credit Daniels' testimony cannot be "patently wrong."

### D. Step Five and RFC

Daniels' final argument for the reversal of the ALJ's decision challenges the ALJ's determination of his Residual Functional Capacity ("RFC"). Specifically, Daniels asserts the ALJ failed to accurately consider the impact of his chronic pain. This argument appears to be based upon the ALJ's misstatement that Daniels was diagnosed with one herniated disc rather than two. Daniels generally asserts that his impairment "was at least twice as severe as the ALJ thought," but he fails to cite to any support for this argument either in the record or relevant case law. In the absence of legal analysis as to why a diagnosis of two herniated discs versus one establishes total disability, the Court has no reason to disturb the ALJ's decision. The Court concludes the ALJ's RFC is supported by substantial evidence and does not require remand.

### IV. **CONCLUSION**

The standard for disability claims under the Social Security Act is stringent. The Act does not contemplate degrees of disability or allow for an award based on partial

disability. *Stephens v. Heckler*, 766 F.2d 284, 285 (7th Cir. 1985). Furthermore, the standard of review of the Commissioner's denial of benefits is narrow. The Court reviews the record as a whole, but does not re-weigh the evidence or substitute its judgment for the ALJ's. *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009). The Court must uphold a decision where, as here, it is supported by substantial evidence in the record. As the Court cannot find a legal basis to overturn the ALJ's determination that Daniels does not qualify for disability benefits, the Commissioner's decision is **AFFIRMED**.

Date: 03/05/2014

_____
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution:

Patrick Harold Mulvany
patrick@mulvanylaw.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov